## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMANDA BENSON, | ) | Case No. 4:18-cv-03127 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER GOVERNING DISCLOSURE OF DOCUMENTS PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d) |
| THE CITY OF LINCOLN, a political subdivision, CHRIS BEUTLER, TOM CASADY, DOUG MCDANIEL, TIM LINKE, LEO BENES, ERIC JONES, DARREN MERRYMAN, and SHAWN MAHLER, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court upon the agreement of the parties for an order pursuant to Rule 502(d) of the Federal Rules of Evidence; (Filing No. 39), and it appearing to the Court that entry of this Rule 502(d) Order will limit further expenditure of time and resources by the Court and the parties; and for good cause shown.

**IT IS ORDERED:**

1. No Waiver by Disclosure. This order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if a party (the "Disclosing Party") inadvertently discloses information, regardless of format, in connection with the pending litigation that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Protected Information"), the inadvertent disclosure of that Protected Information will not constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege or work product protection that the Disclosing Party would otherwise be entitled to assert with respect to the Protected Information and its subject matter.

2. Notification Requirements; Best Efforts of Receiving Party. A Disclosing Party must promptly notify the party receiving the Protected Information ("the Receiving Party"), in writing, that it has inadvertently disclosed that Protected Information without intending a waiver by the disclosure. Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph (3) of the Joint Stipulation—promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester or destroy (or in the case of electronically stored information, delete) the Protected Information and any reasonably accessible copies it has and (ii) provide a certification that it will cease further review, dissemination, and use of the Protected Information. Within five business days of receipt of the notification from the Receiving Party, the Disclosing Party must explain as specifically as possible why the Protected Information is privileged.

3. Contesting Claim of Privilege or Work Product Protection. If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must—within fourteen business days of receipt of the notice of disclosure as outlined in the first sentence of paragraph 2 of the Joint Stipulation—move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion").

4. Stipulated Time Periods. The parties may stipulate to extend the time periods set forth in paragraphs (2) and (3) of the Joint Stipulation.

5. Attorney's Ethical Responsibilities. Nothing in this order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials have been produced.

6. Burden of Proving Privilege or Work-Product Protection. The Disclosing Party retains the burden—upon challenge pursuant to paragraph (3) of the Joint Stipulation—of establishing the privileged or protected nature of the Protected Information.

7. In camera Review. Nothing in this Order limits the right of any party to petition the Court for an in-camera review of the Protected Information.

8. Voluntary and Subject Matter Waiver. This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection. The provisions of Federal Rule 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

9. Rule 502(b)(2). The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

10. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

June 19, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge