IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| AMANDA BENSON, | ) | Case No. 4:18-cv-03127 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **PROTECTIVE ORDER FOR MEDIATION MATERIAL** |
| THE CITY OF LINCOLN, a political subdivision, CHRIS BEUTLER, TOM CASADY, DOUG MCDANIEL, TIM LINKE, LEO BENES, ERIC JONES, DARREN MERRYMAN, and SHAWN MAHLER, | ) | |
| Defendants. | ) | |

Upon consideration of the parties' joint request for entry of a Protective Order, ([Filing No. 41](#)), the Court enters the following Protective Order governing the disclosure of confidential Mediation Material by a Producing Party to a Receiving Party in this Action for the purposes of mediation.

1) **Definitions**. As used in this Order:

   a. Action refers to the above-captioned litigation.

   b. Mediation Material includes all information exchanged between the parties, whether gathered through informal requests or communications between the parties or their counsel for the purpose of mediation scheduled for July 17, 2019.

   c. A Producing Party is a party to this litigation, or a non-party either acting on a party's behalf, that produces Mediation Material in this Action.

   d. A Receiving Party is a party to this litigation that receives Mediation Material from a Producing Party in this Action.

2) **Confidential Mediation Material.** This Protective Order applies to all confidential Mediation Material produced or obtained in this case for purposes of the mediation scheduled for July 17, 2019. For purposes of the mediation, Plaintiff has

1

agreed to produce her medical and Employee Assistance Program records from January 1, 2014 to present, and Defendants have agreed to produce the unredacted Dispositional Memorandum that is the investigative report completed by Kimberley Taylor Riley for the internal complaint made by Amanda Benson. The parties agree to exchange these documents by July 8, 2019. No other materials shall constitute Mediation Material, unless otherwise agreed to by the parties in writing. If the parties are unable to meet the production deadline of the Mediation Material, the parties may agree to an extension in writing or either party may elect to request a new date for the mediation in order to be fully prepared.

3) **Manner of Confidential Designation**. A Producing Party shall affix a "CONFIDENTIAL" designation to any confidential Mediation Material produced in this Action.

   a. As to documentary information (defined to include paper or electronic documents, the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains protected material.

   b. If only a portion or portions of the information on a document page qualifies for protection, the Producing Party must clearly identify the protected portion(s) (e.g., by using highlighting, underlining, or appropriate markings in the margins).

   c. If it is not feasible to label confidential Mediation Material as "CONFIDENTIAL," the Producing Party shall indicate via cover letter or otherwise at the time of production that the material being produced is CONFIDENTIAL.

4) **Timing of Confidential Designation.**

   a. Except as otherwise stipulated or ordered, Mediation Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

5) **Qualified Recipients.** For the purposes of this Protective Order, the persons authorized to receive confidential Mediation Material (hereinafter "Qualified Recipient") are:

   For information designated as CONFIDENTIAL:

a. The Parties, including any members, council members, officers, board members, directors, employees, or other legal representatives of the parties;

b. Legal counsel representing the parties, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel;

c. Any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this Action and members of the arbitrator's or mediator's staff and assistants;

d. The parties' insurers for this Action, and their staff and assistants, members, officers, board members, directors or other legal representatives;

For information designated as "CONFIDENTIAL INFORMATION-ATTORNEYS' EYES ONLY":

a. Legal counsel representing the Receiving Parties, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel;

b, The parties' insurers for this Action, and their staff and assistants, members, officers, board members, directors or other legal representatives;

c. Any mediator or arbitrator retained by the parties to assist with resolving and/or settling the claims of this Action and members of the arbitrator's or mediator's staff and assistants; and

d. The parties to this action, subject to the following conditions/limitations: 1) with respect to the disclosure of information contained within Plaintiff's medical records, the parties agree that the actual records themselves will not be disclosed to the individual defendants, however, the Defendants may discuss the contents of those records to verify facts to prepare for mediation; and 2) Fire Chief Michael Despain shall be authorized as a Qualified Recipient not subject to the limitations in subsection 1.

6) **Dissemination by the Receiving Party**. Counsel for the Receiving Party shall:

   a. Instruct the parties that disclosure of the information designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY is prohibited as set forth herein.

7) **Duty as to Designations**. Each Producing Party that designates information or items as CONFIDENTIAL and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY must exercise reasonable care to limit any such designation to specific material that qualifies under the appropriate standards, and designate only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. Broadly described, indiscriminate, or routinized designations are prohibited.

8) **Limitations on Use**. Confidential Mediation Material shall be used by the Receiving Party only to prepare for and conduct the mediation herein and not for any business or other purpose whatsoever. The parties acknowledge that some of the information produced in this case may be protected health information, or contain such information, within the meaning of the Health Insurance Portability and Accountability Act (HIPAA). Consistent with 45 C.F.R. § 164.512(e)(1)(iv)(v), and as to the health information requested, counsel and the Receiving Party:

   a. Shall not use or disclose the information for any purpose other than the mediation of this Action;

   b. Shall return or destroy the protected health information (including all copies made) thirty (30) days after the mediation unless otherwise agreed to by the parties in writing; and

   c. Shall request, use and disclose only the minimum amount necessary to conduct the mediation in this Action.

   d. Nothing contained herein shall restrict the parties from requesting the same documents during the discovery process to utilize during discovery and prepare for the trial of this matter should the mediation be unsuccessful.

9) **Maintaining Confidentiality.** Mediation Material designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY shall be held in confidence by each Qualified Recipient to whom it is disclosed, shall be used only for purposes of mediation of this Action, and shall not be disclosed to any person who is not a Qualified Recipient. Each party, each Qualified Recipient, and all counsel representing any party, shall use their best efforts to maintain all information designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY in such a manner as to prevent access by individuals who are not Qualified Recipients. Nothing herein prevents disclosure beyond the terms of this Protective Order if the party claiming confidentiality consents in writing to such disclosure.

10) **Copies.** Mediation Material designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY shall not be copied or otherwise reproduced by the Receiving Party, except for transmission to Qualified Recipients, without the written permission of the Producing Party or, in the alternative, by order of the Court. However, nothing herein shall restrict a Qualified Recipient from loading confidential documents into document review platforms or programs for the purposes of mediation preparation or making working copies, abstracts, digests, and analyses of information designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY under the terms of this Protective Order.

11) **Challenges to Confidentiality Designations**. A Receiving Party that questions the Producing Party's confidentiality designation or full production of the Mediation Material will, as an initial step, contact the Producing Party and confer in good faith to resolve the dispute. If the parties are unable to resolve the dispute without Court intervention, they shall schedule a conference call with the magistrate judge assigned to the case before engaging in written motion practice. If a written motion and briefing are necessary and the information in dispute must be reviewed by the Court to resolve that motion, the confidential information shall be filed under restricted access pursuant to the Court's electronic docketing procedures. The party that produced the information designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY bears the burden of proving it was properly designated. The party challenging a

"CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY designation must obtain a court order before disseminating the information to anyone other than Qualified Recipients. Nothing contained herein shall restrict the parties from challenging the confidentiality of the designations herein or request re-production of the material during the discovery process should the mediation be unsuccessful.

12) **Return or Destruction of Documents.** Within thirty (30) days after mediation of this Action, unless otherwise agreed to by the parties in writing, each party shall make reasonable efforts to destroy all Mediation Material designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY. The destroying party shall notify the producing party when destruction under this provision is complete. If a party is unable to destroy all Mediation Material designated as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY, that material shall be returned to the Producing Party or the Producing Party's counsel. This Protective Order shall survive the final termination of this Action, and it shall be binding on the parties and their legal counsel in the future. Nothing contained herein shall restrict the parties from requesting the same documents during the discovery process during the discovery process should the mediation be unsuccessful.

13) **Modification.** This Protective Order is entered without prejudice to the right of any party to ask the Court to order additional protective provisions, or to modify, relax or rescind any restrictions imposed by this Protective Order when convenience or necessity requires. Disclosure other than as provided for herein shall require the prior written consent of the Producing Party, or a supplemental Protective Order of the Court.

14) **Sanctions**.

   a. Any party subject to the obligations of this order who is determined by the Court to have violated its terms may be subject to sanctions imposed by the Court under Rule 37 of the Federal Rules of Civil Procedure and the Court's inherent power.

   b. Confidentiality designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily prolong or encumber the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to

sanctions. Upon discovering that information was erroneously designated as CONFIDENTIAL and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY, the Producing Party shall promptly notify all other Parties of the improper designation

15) **Inadvertent Disclosure of Protected Mediation Material**.

   a. A Producing Party that inadvertently fails to properly designate Mediation Material as "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY shall have fourteen (14) days from discovering the oversight to correct that failure and be governed by the Order entered by the Court pursuant to Federal Rule of Evidence 502(d) ([Filing No. 40](#)). Such failure shall be corrected by providing written notice of the error to every Receiving Party.

   b. Any Receiving Party notified that confidential Mediation Material was received without the appropriate confidentiality designation as authorized under this order shall make reasonable efforts to retrieve any such documents distributed to persons who are not Qualified Recipients under this order, and as to Qualified Recipients, shall exchange the undesignated or improperly designated documents with documents that include the correct "CONFIDENTIAL" and/or CONFIDENTIAL--ATTORNEYS' EYES ONLY designation.

16) **Disclosure of Privileged or Work Product Mediation Material**.

   a. The production of attorney-client privileged, or work-product protected electronically stored information ("ESI") or paper documents, whether disclosed inadvertently or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d), as provided for in ([Filing No. 40](#)). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

   b. Any party who discloses documents that are privileged or otherwise immune from discovery shall promptly upon discovery of such disclosure, advise the Receiving Party and request that the documents be returned. The Receiving Party shall return such produced documents or certify their destruction, including all copies, within fourteen (14) days of receiving such a written

request. The party returning such produced documents may thereafter seek re-production of any such documents pursuant to applicable law.

July 8, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge