IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMANDA BENSON,<br><br>          Plaintiff,<br><br>     vs.<br><br>CITY OF LINCOLN, a political subdivision; CHRIS BEUTLER, TOM CASADY, DOUG MCDANIEL, TIM LINKE, LEO BENES, ERIC JONES, DARREN MERRYMAN, and SHAWN MAHLER,<br><br>          Defendants. | **4:18CV3127**<br><br>**FINAL PROGRESSION ORDER (AMENDED)** |

The parties have filed a joint stipulation to extend progression order deadlines. A conference call with all counsel was held to discuss this request. During that call, the undersigned magistrate judge conveyed the court's concern with granting an extension which will result in a trial setting more than three years after the case was filed.

During that call, counsel explained legitimate reasons for the progression delay, beginning with their attempts to formally mediate the case to resolution before embarking on extensive and expensive discovery. When those efforts failed, the COVID-19 pandemic began. Due to the pandemic, the defendants' ability to gather discovery responses was significantly delayed because physical offices were closed or not fully staffed onsite, and full discovery responses could not be gathered and served through remote access only. Now, the parties are sifting through 8000 documents before taking depositions. They anticipate deposing the parties and key witnesses by mid-June. Meanwhile, the parties continue to discuss settlement in earnest.

With this explanation, the undersigned magistrate judge finds that an additional continuance is appropriate.

Accordingly,

IT IS ORDERED that the parties' stipulation to extend progression order deadlines (Filing No. 86), is approved. The final progression order is amended as follows:

1) The trial and pretrial conference will not be set at this time. A status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings will be held with the undersigned magistrate judge on **July 7, 2021** at **10:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference.

2) The deadline for completing written discovery under Rules 33, 34, 36 and 45 of the Federal Rules of Civil Procedure is October 29, 2021. Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by November 12, 2021.

   **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

3) The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is October 29, 2021.

4) The deadline for filing motions to dismiss and motions for summary judgment is December 17, 2021.

5) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is December 17, 2021.

6) Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

7) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order. Additionally, the parties stipulate:

      a.  Defendants will produce to the plaintiff the ESI responsive to the agreed upon key terms, custodians, and timeframe and a privilege log by March 19, 2021.

      b.  Plaintiff shall have until fourteen (14) days following the entry of this order to file a motion to file a Third Amended Complaint, <u>indicating therein whether the motion is opposed</u>.

8)     All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

<u>But in any event, any requested continuance will not be granted if it will extend the deadline for filing dispositive motions because such an extension will, in turn, result in further delaying the trial setting for this case.</u>

Dated this 11th day of March, 2021.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge