IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMANDA BENSON,<br><br>        Plaintiff,<br><br>vs.<br><br>CITY OF LINCOLN, a political subdivision; CHRIS BEUTLER, TOM CASADY, DOUG MCDANIEL, TIM LINKE, LEO BENES, ERIC JONES, DARREN MERRYMAN, and SHAWN MAHLER,<br><br>        Defendants. | 4:18CV3127<br><br>ORDER |

This case is before the court on "Motion to Amend Progression Order and for Leave to Designate an Additional Expert Witness" filed by Plaintiff Amanda Benson ("Plaintiff"). (Filing No. 136). After consideration, and being fully advised, the court will grant the motion.

BACKGROUND

Plaintiff, a female firefighter and emergency medical technician for Lincoln Fire & Rescue ("LFR"), asserts claims of sex discrimination, harassment, and retaliation under Title VII of the Civil Rights Act, the Nebraska Fair Employment Practices Act, and 42 U.S.C. § 1983 against the City of Lincoln, Chris Beutler, Tom Casady, Doug McDaniel, Tim Linke, Leo Benes, Eric Jones, Darren Merryman, and Shawn Mahler (collectively, "Defendants"). (Filing No. 94) (Third Amended Complaint).

Plaintiff's operative pleading contains numerous allegations of discriminatory and retaliatory conduct by Defendant Shawn Mahler ("Mahler") over a period spanning multiple years. Plaintiff alleges that Mahler, a Captain at LFR, subjected her to "unwelcome and offensive conduct" which included, but was not limited to, a denial of opportunities, disparate treatment, failure to communicate, and general harassment. (Filing No. 94 at CM/ECF pp. 10-15, 52-53). She claims that LFR officials and/or City of Lincoln officials named in this lawsuit were aware of her alleged discrimination and harassment and failed to take appropriate remedial measures. (Filing No. 94 at CM/ECF pp. 44).

Plaintiff's Third Amended Complaint was filed on April 12, 2021. Plaintiff alleges that after that filing, she experienced additional retaliatory conduct from Mahler. She alleges that Mahler "refused to speak with Plaintiff and abandoned her and her crew in a burning warehouse with nearly zero visibility" at a fire scene where they were both working at on April 26, 2021 (hereafter "the April 26 Fire Scene"). (Filing No. 112 at CM/ECF p. 2). Plaintiff claims that Mahler's refusal to interact with her was motivated by a desire to retaliate against Plaintiff for her allegations in this lawsuit. Following the incident, Plaintiff asked this court for a preliminary injunction, requesting that the court

> 1) order the City of Lincoln to immediately initiate disciplinary proceedings against Mahler; 2) enjoin Mahler from assignment/dispatch to any fire scene during the pendency of disciplinary proceedings; and 3) appoint an independent, third-party investigator to investigate Plaintiff's complaint about Mahler's actions at the recent warehouse fire.

(Filing No. 112 at CM/ECF p. 2, ¶ 8). While the preliminary injunction motion was pending, Plaintiff filed the instant motion to extend the deadline to designate an additional expert witness. (Filing No. 136). Plaintiff claims that Defendants' response to the preliminary injunction motion included "false allegations" about

"the Incident Command System ("ICS") training and protocols that govern ICS personnel." (Filing No. 137 at CM/ECF p. 2).[1]

Plaintiff and Mahler's crews were both assigned to ventilate part of the burning warehouse at the April 26 Fire Scene. Both were acting as captain of their respective crews. Plaintiff claims that when two crews (each headed by a captain) are assigned to the same task, one of those captains must be acting as a "group supervisor." (Filing No. 141 at CM/ECF p. 12). Plaintiff claims that Mahler was the group supervisor for the crews attempting to ventilate the warehouse. She further claims that Mahler, while acting as group supervisor, refused to communicate with her, and left her crew inside the burning warehouse without any guidance on how to help complete their assigned tasks. (Filing No. 141 at CM/ECF p. 9).
.

Defendants assert that Mahler and Plaintiff were not working in a supervisor/subordinate capacity at the April 26 Fire Scene, and that Mahler's conduct did not breach department protocols, (Filing No. 131 at CM/ECF pp. 6, 8). Defendants claim that a group supervisor can only be designated by the "incident commander" and that after reviewing recordings of the radio communication from the Scene, Defendants determined that the incident commander at the April 26 Fire Scene never designated Mahler as a group supervisor with any supervisory responsibility for Plaintiff or her crew. (Filing No. 131 at CM/ECF p. 6).

Plaintiff claims that Defendants' argument related to the appointment of a group supervisor is at odds with ICS protocols. (Filing No. 141 at CM/ECF p. 12). Plaintiff asserts that she needs to designate an additional expert witness who can testify regarding ICS protocols and how they were or were not followed at the April 26 Fire Scene. She argues that evidence "will be helpful to the Court in determining

---

[1] The parties agree that the ICS protocols govern LFR personnel.

whether ICS protocols were followed and whether Mahler wrongfully abandoned a subordinate inside of a burning building because of his discriminatory attitudes and/or in retaliation for bringing her most recent complaint or the underl[y]ing litigation." (Filing No. 137 at CM/ECF p. 4).

Before Plaintiff's request to designate an additional expert was fully submitted, the court denied Plaintiff's motion for preliminary injunction. (Filing No. 146). In part, Senior United States District Judge Richard G. Kopf held

> Plaintiff has failed to show that Mahler engaged in any such conduct in this instance. The evidence shows that, with the exception of Plaintiff, no person on Mahler's and Plaintiff's crew, nor the Incident Commander or the Safety Officer, believed that Mahler was a Ventilation Group Supervisor, that Mahler abandoned Plaintiff and her crew in a dangerous situation, or that Mahler was duty-bound to direct or supervise Plaintiff and her crew. In short, there is no evidence that Plaintiff and Mahler were anything more than peers in the incident at issue. The court declines to grant an injunction against Mahler for failing to direct, supervise, and protect when he was under no duty to do so.

(Filing No. 146 at CM/ECF p. 12). Defendants argue that the court's ruling on the preliminary injunction renders Plaintiff's request for an additional expert moot. (Filing No. 147 at CM/ECF p. 2). Plaintiff maintains that her request for an additional expert witness designation is still relevant, even in light of the court's ruling on the preliminary injunction. (Filing No. 149 at CM/ECF p. 2).

The motion to extend the expert designation deadline was fully submitted on August 30, 2021. For the reasons set forth below, the court will grant the motion.

4

ANALYSIS[2]

Plaintiff's request to designate an additional expert comes a year after the deadline for complete expert disclosures. (Filing No. 63) (setting expert disclosures deadline for June 19, 2020). Prior to the June 2020 deadline, Plaintiff timely designated an investigations expert and a medical expert. (Filing No. 66). Now, she requests leave to designate Fire Chief Edward Hadfield as an expert witness on ICS protocols who "will refute the allegations made by Defendants about the command structure" at the April 26 Fire Scene. (Filing No. 137 at CM/ECF p. 2).

Plaintiff cites "good cause" standard articulated in Rule 16(b)(4) as a basis for her motion. Pursuant to Fed. R. Civ. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements...., [but the] 'existence or degree of prejudice to the party opposing the modification' and other factors may also affect the decision." Pilgrim v. Brumbaugh & Quandal, P.C., 2014 WL 12605518, at *1 (D. Neb. May 5, 2014) (quoting Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001)). But, "generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." See Bradford, 249 F.3d at 809.

A moving party may prove good cause and/or diligence in meeting a scheduling order deadline if he or she presents evidence that there has been an intervening "change in the law," "newly discovered facts," or "other changed

---

[2] Defendants argue that Plaintiff did not comply with NECivR 7.1(j). Specifically, Defendants claim that Plaintiff failed to make a good faith attempt to meet and confer regarding extension of the expert designation deadline prior to engaging in motion practice. The court agrees. But in the interest of moving the case, the court will address the merits of the parties' arguments rather than await another motion after the parties have conferred and, in all likelihood, failed to reach an agreement on the pending issue.

5

circumstances" after a deadline in the scheduling order has elapsed. Hartis v. Chicago Title Ins. Co., 694 F.3d 935, 948 (8th Cir. 2012) (quoting Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 718). Here, Plaintiff argues that her circumstances have changed. She asserts that she was unaware of the need for an ICS protocol expert until July 27, 2021, when Defendants filed their opposition to Plaintiff's preliminary injunction motion and argued in their briefing that Mahler was not the group supervisor for the ventilation process at the April 26 Fire Scene. (Filing No. 137 at CM/ECF p. 2). Put differently, Plaintiff argues that, prior to the April 26, 2021 fire incident, she was unaware that the parties had or might have a dispute related to the proper application of ICS protocols.

Defendants assert that even if the foregoing is true, the issue is now moot and/or futile. Defendants argue that the preliminary injunction motion has been resolved, and the April 26, 2021 fire, and any argument regarding Mahler's conduct or the related ICS protocols, is no longer a live issue in the case. Defendants claim that the facts surrounding the April 26 fire incident are "entirely new allegations…[that are] well beyond her pending employment claims." (Filing No. 147 at CM/ECF p. 6). And as a result, Defendants assert that Plaintiff cannot maintain a claim related to the fire incident as part of the larger lawsuit because "she has not exhausted her administrative remedies regarding the April 26, 2021 incident on which the alleged expert opines." (Filing No. 147 at CM/ECF p. 7).

Plaintiff argues that Defendants are incorrect, claiming "that the unlawful discriminatory and retaliatory conduct that occurred during the Fire, committed by the same individual Plaintiff alleged discriminated and retaliated against her previously, is 'like or reasonably related' to the claims in her administrative charges" (Filing No. 149 at CM/ECF p. 4) and that there is no legal requirement that she file another EEOC charge in order to expand her previous claims to encompass the fact surrounding the April 26, 2021 fire. She further argues that,

6

even though the district judge explicitly noted his skepticism that the April 26 incident constitutes an actionable instance of retaliation, the preliminary injunction order is not a final order on the merits of that claim. ([Filing No. 149 at CM/ECF p. 2](#)). She argues that notwithstanding Judge Kopf's finding that Mahler had likely not engaged in actionable retaliatory conduct, she is still legally permitted to maintain that claim until resolved by dispositive motion or trial.

Whether Plaintiff may maintain claims related to the April 26, 2021 fire, and whether she has met all necessary administrative requirements to do so, is outside the scope of the relief requested here. Here, the undersigned need only determine whether Plaintiff has stated a sufficient basis to enlarge her deadline to designate an expert witness under Rule 16(b)(4).

The court finds that Plaintiff has demonstrated the requisite good cause to extend her deadline. Prior to the April 26, 2021 fire, there does not appear to be any allegation that Mahler (or any other defendant) was not following proper supervisory protocols at an emergency scene. The operative pleading is replete with allegations of alleged wrongdoing by Mahler, including similar incidents in which Mahler ignored Plaintiff or refused to engage with her. However, the April 26 fire incident appears to the court to be the first instance that Plaintiff's allegations implicate a question regarding the proper application of the ICS protocols. Plaintiff moved for an enlargement of time only two weeks after Defendants filed the brief outlining their argument as to why ICS protocols were followed at the April 26 Fire Scene. Given the new type of allegation involved here and Plaintiff's prompt request thereafter to seek this deadline amendment, the court finds that she has demonstrated a sufficient basis to modify the scheduling order's deadline. In the same vein, the court finds that based on the present discovery stay, Defendants will not suffer sufficient prejudice to negate Plaintiff's request to extend.

To reiterate, this order makes no finding regarding Plaintiff's ability to raise a cognizable claim related to the April 26 Fire Scene. The court is only allowing Plaintiff to designate her additional expert.[3] If the court finds (after litigating the issues on a proper motion) that Plaintiff may not maintain claims asserting retaliatory ICS protocol violations, the court may strike her new expert sua sponte or on motion of a defendant.

Accordingly, IT IS ORDERED:

1) Plaintiff's motion to extend (Filing No. 136) is granted.

2) On or before September 17, 2021, Plaintiff shall provide Defendants with complete expert disclosures for anticipated, retained expert Fire Chief Edward Hadfield. See Fed. R. Civ. P. 26(a)(2). Defendants are given until October 15, 2021 to designate a responsive expert.

   **No Plaintiff's rebuttal expert designation and no additional extension of the expert witness deadlines will be granted.**

3) The deposition deadline is extended to November 12, 2021.

4) The deadline for filing motions to dismiss or for summary judgment is December 10, 2021.

5) During the conference call scheduled for September 15, 2021, the court will schedule a trial to be completed no later than March 25, 2022, and the associated pretrial conference. In advance of the call, the parties shall confer with the witnesses who will testify at trial and be prepared to discuss their availability during the dates proposed by the court.

6) All other case progression deadlines are unchanged.

---

[3] The court is aware that Plaintiff has submitted the opinion of her anticipated new expert (Fire Chief Edward Hadfield) with her reply brief in support of preliminary injunction motion. While Defendants may, given that filing, be aware of the contents of Plaintiff's expert's anticipated opinion, Plaintiff is still under an obligation to make complete expert disclosures that fully comply with Rule 26(a)(2).

7)    This case has been pending for three years. **The parties are hereby notified that no additional requests to continue will be granted absent a very substantial showing of good cause.**

Dated this 9th day of September, 2021.

                              BY THE COURT:

                              *s/ Cheryl R. Zwart*
                              United States Magistrate Judge