IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMANDA BENSON, | **4:18CV3127** |
| Plaintiff, | |
| vs. | **MEMORANDUM AND ORDER** |
| CITY OF LINCOLN, a political subdivision; CHRIS BEUTLER; TOM CASADY; DOUG MCDANIEL; TIM LINKE; LEO BENES; ERIC JONES; DARREN MERRYMAN; and SHAWN MAHLER, | |
| Defendants. | |

Pending before the court are Plaintiff's Objections to portions of Magistrate Judge Nelson's Order (Filing 217) and rulings made during a discovery-dispute conference (Filing 218), filed pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(a), and NECivR 72.2.[1]

In a thorough and thoughtful Order entered on February 11, 2022 (Filing 217), Magistrate Judge Nelson granted, in substantial part, Defendants' request for a protective order. In relevant part, Judge Nelson found three categories of information to be protected by the attorney-client privilege and/or the work-product doctrine which are the subject of Plaintiff's Objections: (1) documents generated by the City's outside counsel, Baylor Evnen, in connection with Baylor Evnen's investigation of Plaintiff's claim that a fellow firefighter abandoned her in a burning warehouse; (2) documents generated by the former City Attorney, Jeffrey Kirkpatrick, providing legal analysis related to Plaintiff's discrimination allegations;

---

[1] Plaintiff's Objections were not ripe for resolution until March 29, 2022, due to requested extensions of time.

and (3) a deposition of Kirkpatrick. Judge Nelson concluded that this information—all of which was generated by attorneys employed or retained by the City for the purpose of furnishing legal advice, and some of which was generated in anticipation of Plaintiff's claims in this lawsuit—was protected from discovery.

"In discovery matters, the magistrate judge is afforded great deference," *Hajek v. Kumho Tire Co., Inc.*, No. 4:08CV3157, 2010 WL 1292447, at *2 (D. Neb. Mar. 30, 2010) (citing *Pflum v. United States*, 212 F.R.D. 580, 582 (D. Kan. 2003)), and I may reverse a Magistrate Judge's decision only when clearly erroneous or contrary to law. "Under a clearly erroneous standard, a district court can reverse a magistrate judge's order only if the court is left with the definite and firm conviction that a mistake has been committed." *Brooks v. Lincoln Nat'l Life Ins. Co*., No. 8:05CV118, 2006 WL 2487937, at *3 (D. Neb. Aug. 25, 2006) (internal quotation omitted). "Under a contrary to law standard, a district court can reverse a magistrate judge's order only if the order fails to apply the relevant law." *Id*.

After careful review[2] conducted pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and NECivR 72.2, I find that the challenged portions of Judge Nelson's Orders (Filings 217, 218) are not clearly erroneous or contrary to law.

Accordingly,

IT IS ORDERED:

1.      Plaintiff's Statement of Objections to Magistrate Judge's Orders (Filing 234) is denied; and

---

[2] To the extent the appropriate standard of review is de novo, I have conducted a de novo review.

2.     The Magistrate Judge's Orders (Filing 217, 218) are sustained and shall not be disturbed.

DATED this 14th day of April, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge