IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMANDA BENSON,<br><br>               Plaintiff,<br><br>    vs.<br><br>CITY OF LINCOLN, a political subdivision; CHRIS BEUTLER; TOM CASADY; DOUG MCDANIEL; TIM LINKE; LEO BENES; ERIC JONES; DARREN MERRYMAN; and SHAWN MAHLER,<br><br>               Defendants. | 4:18CV3127<br><br>ORDER SETTING TIME LIMITS AND ALLOCATING TIME FOR TRIAL |

       This matter is before the Court upon review of the Final Pretrial Conference Order for the jury trial set to commence at 9:00 a.m. on Tuesday, September 12, 2023. Filing 445. This Order addresses the parties' requests and estimates set out in §§ F. and J. of the Final Pretrial Conference Order. Filing 445 at 14–15. In addressing the parties' requests and estimates, the Court is mindful of Federal Rule of Civil Procedure 1, concerning the scope and purpose of the Federal Rules of Civil Procedure, which states that the United States districts courts must construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1.

       More specifically, "[t]rial management decisions are within the court's discretion and are reversed only for an abuse of discretion." *Jackson v. Allstate Ins. Co.*, 785 F.3d 1193, 1203 (8th Cir. 2015) (quoting *Harris v. Chand*, 506 F.3d 1135, 1141 (8th Cir. 2007)). A trial judge has a "large degree of discretion" to control the examination of witnesses. *Massen v. Lucier*, 961 F.2d 717, 719 (8th Cir. 1992) (quoting *Skogen v. Dow Chem. Co.*, 375 F.2d 692, 704 (8th Cir. 1967)). An example of that discretion is set out in Federal Rule of Evidence 611, which obliges the Court

to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611; *see also Indus. Risk Insurers v. D.C. Taylor Co.*, No. 06-CV-171-LRR, 2008 WL 11509789, at *8 (N.D. Iowa June 5, 2008) (relying on Rule 611 as justifying limitations on attorneys on direct and cross-examination by more than one attorney). Similarly, trial courts are allowed to exercise their discretion to limit the time to present evidence, *Harris*, 506 F.3d at 1141, as well as the authority to limit the length of time allowed counsel for argument to the jury. *Joplin v. Denver-Chicago Trucking Co.*, 329 F.2d 396, 397 (8th Cir. 1964). The Court has applied these principles to the parties' requests and estimates.

The Court begins with § F. Voir Dire, Opening Statements, and Closing Arguments. Filing 445 at 14. Counsel in this case "suggest thirty (30) minutes per side" to conduct voir dire "[g]iven the number of parties and issues involved in this trial." Filing 445 at 14. Section II.B. of the Court's Civil Jury Trial Deadlines and Practices provides counsel shall "receive twenty (20) minutes per party to conduct voir dire." The Court finds the parties' request for some additional time for voir dire to be reasonable under the circumstances. Nevertheless, the Court still expects jury selection to be completed before 12:00 p.m. on Tuesday, September 12, 2023.

In the Final Pretrial Conference Order, "Plaintiff requests forty (40) minutes for opening statements," and "Defendants request thirty (30) minutes for opening statements." Filing 445 at 14. Section II.D. of the Court's Civil Jury Trial Deadlines and Practices provides that "each party," meaning each side, "is allotted up to thirty (30) minutes for opening statements." The Court does not believe that additional time is necessary, appropriate, or likely to be helpful to the jury in this case. Therefore, each side will be allotted up to thirty (30) minutes for opening statements.

2

Next, Plaintiff requests 60 minutes for closing arguments and apparently an additional 15 minutes for rebuttal, while Defendants request that "each party"—presumably meaning each side—be given 45 minutes total for closing arguments, with Plaintiff allowed to reserve up to 15 minutes of her allotted time for rebuttal. Filing 445 at 15. Section II.D. of the Court's Civil Jury Trial Deadlines and Practices provides that "each party," meaning each side, "will receive thirty (30) minutes . . . for closing argument" and that "Plaintiff may reserve up to fifteen (15) minutes for rebuttal." In the Court's experience, closing arguments longer than 30 minutes, even in complicated cases, are counterproductive and a disservice to the jurors. Plaintiff's request for additional time is denied. For the same reasons, the Court likewise denies Defendants' request for additional time. Each side shall have thirty (30) minutes for closing arguments.

Turning to the Final Pretrial Conference Order § J. Length of Trial, "Plaintiff's Counsel estimates the length of trial will consume not less than eleven (11) days, not more than fourteen (14) days, and probably about thirteen (13) days." Filing 445 at 15. The Court finds this estimate to be excessive in light of the needs of the case. Upon reviewing the pleadings, numerous filings, and potential evidence in this case, the Court concludes 11 to 14 days for trial significantly overstates the time necessary to appropriately try this matter. Secondly, the Court's available time does not allow for such an extended trial. The Court currently has seven criminal cases set for jury trial on Tuesday, September 26, 2023, and there is a significant chance that at least one of these cases set for trial will not resolve and will need to proceed to a jury trial. The Court further notes that given orders that have been issued in this case already, not all witnesses listed will be allowed to testify in this case. There are additional motions filed by the parties which may also limit anticipated testimony.

Given these considerations, the Court will limit the trial to no more than ten (10) days, running Tuesday through Friday, September 12–15, 2023, for week one, and Monday through Friday, September 18–22, 2023, for week two, with the use of Monday, September 25, 2023, only if necessary. The Court will meet with the parties at 8:30 a.m. on the first day of trial for a conference, and jury selection and presentation of evidence will begin at 9:00 a.m. It is possible if not likely that the Court will order further conferences with the parties outside the hearing of the jury at 8:30 a.m. on other trial days. Trial days with the jury will run 9:00 a.m. to 12:00 p.m. and 1:00 p.m. to approximately 4:30 p.m., with one fifteen (15) minute recess in the morning and another in the afternoon. This allows for 6 hours per day for trial. The Court reserves one-half day for jury selection and one-half day for opening statements, jury instructions, and closing arguments.

The Court concludes that, under the circumstances presented, and the schedule outlined above, it is appropriate to allow fifty (50) total trial hours for the parties to present evidence. The Court further concludes equal time allocation for each side is appropriate. Therefore, each side shall have twenty-five (25) hours for presentation of evidence. Time will be charged against the party examining or cross-examining a witness. Plaintiff may reserve up to six (6) hours to present rebuttal evidence, and if Plaintiff does so, Defendants may reserve up to one-half the amount of time Plaintiff reserves for cross-examination of rebuttal witnesses. The Courtroom Deputy, Tracy McKibben, will provide the parties with daily tallies of the time they have used. Because of the limited time available for presentation of evidence, the parties are strongly encouraged to work out evidentiary disputes prior to trial.

Accordingly, notwithstanding any different terms of the Final Pretrial Conference Order, Filing 445, or the Court's Civil Jury Trial Deadlines and Practices,

IT IS ORDERED as follows:

1.	Counsel for each side shall receive thirty (30) minutes to conduct voir dire.

2.	Counsel for each side is allotted up to thirty (30) minutes for opening statements.

3.	Counsel for each side shall have thirty (30) minutes total for closing arguments, and Plaintiff may reserve up to fifteen (15) minutes of her time for rebuttal.

4.	The trial shall take not more than ten (10) days, running Tuesday through Friday, September 12–15, 2023, for week one, and Monday through Friday, September 18–22, 2023, for week two, with Monday, September 25, 2023, utilized if necessary.

6.	Each side shall have twenty-five (25) hours for presentation of evidence. Time will be charged against the party examining or cross-examining a witness. Plaintiff may reserve up to six (6) hours to present rebuttal evidence. Defendants may reserve up to one-half the time Plaintiff reserves for Defendants' cross-examination of rebuttal witnesses.

Dated this 24th day of August, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge