IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMANDA BENSON,<br><br>    Plaintiff,<br><br> vs.<br><br>CITY OF LINCOLN, a political subdivision; CHRIS BEUTLER; TOM CASADY; DOUG MCDANIEL; TIM LINKE; LEO BENES; ERIC JONES; DARREN MERRYMAN; and SHAWN MAHLER,<br><br>    Defendants. | 4:18CV3127<br><br>ORDER ON MOTION TO TWEAK ORDER ON TIME LIMITS FOR TRIAL |

  This case is before the Court on plaintiff Amanda Benson's Motion to Tweak Order on Time Limits for Trial. Filing 465. The Motion follows the Court's Order Setting Time Limits and Allocating Time for Trial. Filing 462. In that Order the Court *inter alia* gave counsel for each side 30 minutes to conduct voir dire, 30 minutes for opening statements, 30 minutes for closing arguments, and 25 hours for presentation of evidence. Filing 462 at 5.

  In her Motion, however, Benson's counsel expresses "great concern" about her ability to recap the evidence, highlight the important jury instructions, and argue the case in a closing argument of just 30 minutes. Filing 465 at 1. Benson points out that this is a pattern and practice case that spans more than five years and that it necessarily includes events that occurred even before she filed her NEOC complaint in 2016. Filing 465 at 1. She also asserts that the parties have invested enormous amounts of time and money preparing for "their one chance for justice." Filing 465 at 2. She argues that the jury instructions will include terms and concepts that are unfamiliar to the jurors, that certain claims are only available against certain defendants, and that certain claims are available only if other claims are proved. Filing 465 at 2. Benson asserts that she "would

1

rather give up 30 minutes of presenting evidence so she has sufficient time to talk to the jury about how the evidence satisfies the elements of her claim." Filing 465 at 2. Her proposed remedy is that the Court "give the parties the same total of 26.5 hours of trial time, but to allow them to split that time among presentation of evidence, voir dire, opening statement, and closing argument as they see fit." Filing 465 at 2.

Defendants oppose Benson's Motion. Filing 466. Defendants point out that the time limits established in the Court's Order are consistent with the Court's Civil Deadlines and Practices. Filing 466 at 1. Defendants object to Benson's request to split available trial time as she "sees fit," for several reasons. Filing 466 at 2. First, Defendants assert that the jury is capable of understanding the jury instructions and applying them without lengthy opening and closing arguments. Filing 466 at 2. Next, Defendants argue that, to ensure fairness to the parties, the Court should give each side the same length of time for voir dire, opening statements, and closing statements. Filing 466 at 2. Third, Defendants contend that allowing the parties to allocate their time as they desire would be less manageable and make it more difficult for the Court to ensure that the trial is completed within the time allocated. Filing 466 at 2. Finally, Defendants point out that the Court's Civil Jury Trial Deadlines and Practices have been available to the parties for some time, so that the parties have had the opportunity to gear their trial strategy to those guidelines. Filing 466 at 2.

As Defendants point out, both sides have been well aware of the Court's Civil Jury Trial Deadlines and Practices and have had adequate time to prepare their trial strategy accordingly. Benson appears to concede—as she must—that "[t]rial management decisions are within the court's discretion and are reversed only for an abuse of discretion." *Jackson v. Allstate Ins. Co.*, 785 F.3d 1193, 1203 (8th Cir. 2015) (quoting *Harris v. Chand*, 506 F.3d 1135, 1141 (8th Cir.

2

2007)). Benson has not argued that any of the time limitations the Court has imposed amounts to an abuse of discretion. *Id.* Indeed, Benson now appears to concede that the 25 hours for presentation of evidence is more than sufficient. Filing 465 at 2. More importantly, Benson has not identified any concerns about the nature or complexity of the case that the Court did not consider when setting the time limitations in its Order. The Court considered and concluded that additional time for opening statements is not necessary, appropriate, or likely to be helpful to the jury in this case. Filing 462 at 2. The Court also considered and rejected Benson's request for at least 60 minutes for closing arguments, because in the Court's experience, closing arguments longer than 30 minutes, even in complicated cases, are counterproductive and a disservice to the jurors. Filing 462 at 3. Benson's present Motion offers nothing that convinces the Court that additional time for voir dire, opening statements, or closing arguments is necessary or appropriate rather than an abuse of the jury's time and attention.

Accordingly,

IT IS ORDERED that plaintiff Amanda Benson's Motion to Tweak Order on Time Limits for Trial, Filing 465, is denied. The time allocations in the Court's Order, Filing 462, remain in place for the trial set to begin on September 12, 2023.

Dated this 29th day of August, 2023.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge