IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMANDA BENSON, | |
| Plaintiff, | **4:18CV3127** |
| vs. | |
| CITY OF LINCOLN, a political subdivision; CHRIS BEUTLER; TOM CASADY; DOUG MCDANIEL; TIM LINKE; LEO BENES; ERIC JONES; DARREN MERRYMAN; and SHAWN MAHLER, | **ORDER CONTINUING TRIAL** |
| Defendants. | |

This case, which is currently set for trial for ten days beginning September 12, 2023, is before the Court on Defendants' August 30, 2023, Motion to Continue Trial. Filing 474. Plaintiff Benson filed her Brief in Opposition to Defendants' Motion to Continue Trial on August 31, 2023. Filing 478. Defendants then filed their Reply a few hours later on August 31, 2023. Filing 480. The Court held a sealed telephonic hearing on the Motion to Continue earlier today. For the reasons stated below, the Motion to Continue Trial is granted.

Defendants request a continuance of the trial by at least ninety days owing to a recent medical emergency of one of their attorneys, Mr. Martin. Filing 474 at 1. The Court has carefully considered Mr. Martin's declaration and medical records submitted for the Court's *in camera* review, and the Court is satisfied that Mr. Martin's unfortunate ailment will prevent him from participating in the upcoming trial. However, the question of whether Mr. Martin can participate in the upcoming trial is different from the question of whether the trial should be continued in light of his unavailability.

1

Defendants argue that Mr. Martin's involvement in the trial of the case is irreplaceable owing to the hundreds of hours he has invested in trial preparation; that his absence will unfairly impact their trial strategy and ability to present their case effectively; that replacement counsel cannot be drawn from the City Attorney's Office or their attorneys' firm; and that it is unlikely that any replacement counsel could adequately prepare in the short time remaining before trial in this complicated five-year-old case, even if other counsel were available. Filing 474 at 1–3. Benson argues that this case has already consumed tremendous private, public, and judicial resources; that she continues to suffer from mental health issues and post-traumatic stress in the absence of the closure that trial would provide; that she and various witnesses have already incurred expenses to appear at trial; that at least two of the City Attorneys have been involved in preparing this case for trial; that Mr. Martin's involvement in the case has been limited and recent; and that experienced trial lawyers like two from the City Attorney's Office or an attorney from defense counsels' firm would be quite capable of trying this case. Filing 478 at 2–3. In reply, Defendants argue that Benson has asserted for at least the last three years that the City Attorney's Office has interfered in various events at issue in Benson's claims, which is the reason Defendants have used outside counsel; that Benson's attorneys have communicated exclusively with Defendants' outside counsel for the past several months during trial preparations; and that no City Attorneys have been involved in preparing the case for trial. Filing 478 at 1–3.

"It has long been established 'a motion for continuance is subject to the broad discretion of the trial judge.'" *Anderson v. Raymond Corp.*, 340 F.3d 520, 525 (8th Cir. 2003) (quoting *Anzaldo v. Croes*, 478 F.2d 446, 450 (8th Cir. 1973)). "Trial judges necessarily require a great deal of latitude in scheduling trials. Not the least of their problems is that of assembling the witnesses, lawyers, and jurors at the same place at the same time, and this burden counsels against

continuances except for compelling reasons." *Morris v. Slappy*, 461 U.S. 1, 11 (1983). However, the Supreme Court also cautioned against "insistence upon expeditiousness in the face of a justifiable request for delay." *Id*. at 11–12.

In this case, the Court concludes that there are compelling reasons for granting Defendants' request for a continuance of the trial and that insistence upon proceeding to trial in the face of a justifiable request for delay would be contrary to the interests of justice. *Id.* The Court concludes from its involvement in this case that it is unreasonable to expect replacement counsel—if such counsel were even available—to step in at this late juncture and be prepared to provide Defendants with an adequate defense. The Court is satisfied with Defendants' explanation of the reasons that counsel from defense counsels' firm and the City Attorney's Office are not available or proper replacements. The Court is also satisfied that, while Ms. Guttau is a capable attorney, requiring her to try this case without well-prepared co-counsel would not serve the ends of justice or fairness. The Court is mindful that further delay and expense will be incurred as a result of a continuance, but the Court finds that the delays to this point have not been the consequence of dilatory actions by the parties or the Court. The Court also finds that, under the circumstances presented, the delay and expense incurred as a result of a continuance do not outweigh the interests of justice in a full and fair presentation of this case by both sides.

That said, because it appears that Mr. Martin's health problem could pose similar challenges on a future trial date, defendants are ordered to make arrangements to have other qualified counsel knowledgeable enough about this case to step into Mr. Martin's shoes in the unfortunate event that he suffers a similar health issue in the future. Also, the continuance is not the opportunity for a "redo" of matters already submitted. The Court will rule on the pending motions in limine, but no additional motion practice will be allowed and no deadlines that have

already expired will be reset owing to the change in the trial date. It might also be well for the parties and the Court to consider whether the expense of a future trial can be obviated by voluntary or compelled mediation in the interim.

Accordingly,

IT IS ORDERED as follows:

1.      Defendants' August 30, 2023, Motion to Continue Trial, Filing 474, is granted;

2.      The magistrate judge assigned to the case will set a scheduling conference to pick a new trial date at least 90 days from the date of this Order;

3.      No expired deadlines in the Progression Orders, the Final Pretrial Conference Order, or the Court's Civil Jury Trial Deadlines and Practices will be reset in light of this continuance; and

4.      No additional motion practice will be permitted without prior permission of the Court and a showing of extraordinary need.


Dated this 1st day of September, 2023.


BY THE COURT:

Brian C. Buescher
United States District Judge