IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AMANDA BENSON,<br><br>              Plaintiff,<br><br>vs.<br><br>CITY OF LINCOLN, a political subdivision; CHRIS BEUTLER; TOM CASADY; DOUG MCDANIEL; TIM LINKE; LEO BENES; ERIC JONES; DARREN MERRYMAN; and SHAWN MAHLER,<br><br>              Defendants. | 4:18CV3127<br><br>**ORDER** |

      This case is before the Court in anticipation of the trial currently scheduled to begin March 11, 2024, and after the Court's disposition of the parties' pretrial evidentiary motions. The pretrial evidentiary motions and the history of this litigation indicate to the Court that an additional Order setting out expectations for trial is appropriate.

      The Court notes that it has now issued over 180 pages of orders in response to approximately 57 topics (some with several subparts) raised in motions in limine alone. *See* Filing 456 (21 pages on motion to exclude two experts); Filing 479 (19 pages on motion to exclude testimony of current Mayor of Lincoln, NE); Filing 488 (54 pages on motion to exclude evidence on 26 topics with subparts); Filing 489 (restricted) (46 pages on motion to exclude evidence on 5 topics with subparts); Filing 490 (45 pages on motion to exclude evidence on 22 topics with subparts). In addition, the Court has written 27 pages on summary judgment, Filing 440, and another 37 pages on discovery issues. Filing 365. The Magistrate Judge has likewise expended significant time on this case.

At the recent hearing on this matter where Defendants' counsel sought to continue the trial due to Defendants' counsel's health issues, it was suggested by counsel that this was a complex case. After ruling on the excessive motion practice on this case, the Court believes this case is not overly complex. In fact, it is rather straightforward. This is a case where a single plaintiff is suing her former employer for various claims regarding her former employment. It is the counsel that have made this case overly complicated.

The Court has previously issued two orders regarding Plaintiff's original request for this fairly straightforward case to be tried in "not less than eleven (11) days, not more than fourteen (14) days, and probably about thirteen (13) days." Filing 445 at 15. Specifically, shortly before the previous trial setting, this Court found that request to be excessive, and it set limits to have the trial take no more than ten trial days. Filing 462. In response to Plaintiff's motion to "tweak" those time limits, *see* Filing 465, where Plaintiff did not seek more trial days but rather sought more time for voir dire and opening and/or closing statements, the Court issued a second Order reaffirming them. Filing 468. After writing 180 pages on motions in limine alone, excluding numerous exhibits and evidence that the law illustrates should have never been offered for admission in the first place, the Court concludes that this trial should take nowhere near ten trial days. Indeed, this case should be easily tried in one week.

Although the Court believes this case should easily be tried in one week, the Court will reserve eight (8) trial days for this matter. The Court limits the length of the trial in this matter because the facts and background of this case do not justify a longer trial. The undersigned judge's extensive criminal and civil docket, and the likelihood the undersigned will have to adjust scheduling for criminal cases to accommodate this trial, likewise supports this limitation. The Court likewise reasserts most of the previous limitations but imposes a reduction of the time

allotted per side given the reduced amount of time the Court is reserving for the trial of this matter, as set out below.

In entering this Order, the Court is mindful of Federal Rule of Civil Procedure 1, concerning the scope and purpose of the Federal Rules of Civil Procedure, which states that the United States districts courts must construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. More specifically, "[t]rial management decisions are within the court's discretion and are reversed only for an abuse of discretion." *Jackson v. Allstate Ins. Co.*, 785 F.3d 1193, 1203 (8th Cir. 2015) (quoting *Harris v. Chand*, 506 F.3d 1135, 1141 (8th Cir. 2007)). A trial judge has a "large degree of discretion" to control the examination of witnesses. *Massen v. Lucier*, 961 F.2d 717, 719 (8th Cir. 1992) (quoting *Skogen v. Dow Chem. Co.*, 375 F.2d 692, 704 (8th Cir. 1967)). An example of that discretion is set out in Federal Rule of Evidence 611, which obliges the Court to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to (1) make those procedures effective for determining the truth; (2) avoid wasting time; and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611; *see also Indus. Risk Insurers v. D.C. Taylor Co.*, No. 06-CV-171-LRR, 2008 WL 11509789, at *8 (N.D. Iowa June 5, 2008) (relying on Rule 611 as justifying limitations on direct and cross-examination by more than one attorney). Similarly, trial courts are allowed to exercise their discretion to limit the time to present evidence, *Harris*, 506 F.3d at 1141, as well as the authority to limit the length of time allowed to counsel for argument to the jury. *Joplin v. Denver-Chicago Trucking Co.*, 329 F.2d 396, 397 (8th Cir. 1964).

Finally, during the recent hearing in this case, which resulted in the continuance of the trial date, the Court addressed whether this case had been mediated by an outside mediator. The

parties disclosed that this case had been mediated long ago by Mike Mullin, a prominent mediator at Kutak Rock LLP. Given the substantial additional rulings the Court has made in this case, and the current status of this case, the Court has decided to do something the undersigned judge has never done previously—order this case to mediation.

The Court orders that the parties conduct a mediation with Mr. Mike Mullin at their own expense no later than three weeks before the scheduled trial in this case. Mr. Mullin is respectfully requested to make time for this mediation if he is able to do so. If Mr. Mullin cannot accommodate the parties, the parties are to file a notice with this Court stating that fact.

IT IS ORDERED as follows:

1. Counsel for each side shall have up to thirty (30) minutes to conduct voir dire.

2. Counsel for each side shall have up to thirty (30) minutes for opening statements.

3. Counsel for each side shall have up to thirty (30) minutes total for closing arguments, and Plaintiff may reserve up to fifteen (15) minutes of her time for rebuttal.

4. The trial shall take not more than eight (8) trial days.

6. Each side shall have no more than twenty-two-and-a-half (22.5) hours for presentation of evidence. Time will be charged against the party examining or cross-examining a witness. Plaintiff may reserve up to six (6) hours to present rebuttal evidence. Defendants may reserve up to one-half the time Plaintiff reserves for Defendants' cross-examination of rebuttal witnesses.

7. Given significant numbers of exhibits have been excluded by the Court in its orders on motions in limine, the parties shall consult and resubmit a final exhibit list no later than fourteen (14) days before trial noting what exhibits were excluded by the Court and noting what docket and page number the Court made such a ruling. The revised joint exhibit list should not

renumber the exhibits. The parties may not add any exhibits or make any other revisions to the exhibit list other than those authorized by the orders of this Court except to identify any exhibits they now choose to withdraw.

9. All other pre-trial deadlines that had not yet passed by the date this trial was previously continued or not addressed in this order shall be governed by the undersigned judge's Civil Jury Trial Deadlines and Practices Order.

10. The parties are ordered to mediation with Mike Mullin, Esq., in accordance with the requirements of this order.

Dated this 13th day of October, 2023.

BY THE COURT:

Brian C. Buescher
United States District Judge