**IN THE UNITED STATES DISTRICT COURT OF THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| AMANDA BENSON, | ) | 4:18CV3127 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **STIPULATED** |
| | ) | **ORDER OF** |
| THE CITY OF LINCOLN, a political subdivision, CHRIS BEUTLER, TOM CASADY, DOUG MCDANIEL, TIM LINKE, LEO BENES, ERIC JONES, DARREN MERRYMAN, and SHAWN MAHLER, | ) ) ) ) ) ) ) | **DISMISSAL** |
| | ) | |
| Defendants. | ) | |

Upon consideration of the parties' Joint Stipulation for Entry of a Stipulated Order of Dismissal, (Doc. 498), the Court enters the following Order sanctioning the parties' agreement to resolve this matter.

1. On July 6, 2018, Plaintiff filed her lawsuit in the Lancaster County District against Defendants The City of Lincoln, Chris Beutler, Tom Casady, Doug McDaniel, Tim Linke, Leo Benes, Eric Jones, Darren Merryman, and Shawn Mahler alleging that they deprived Plaintiff equal employment opportunities because of her sex by subjecting her to unlawful sexual harassment and retaliating against her in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C.§§2000e, *et seq.*, 42 U.S.C. §1983, and the Nebraska Fair Employment Practices Act. Defendants removed Plaintiff's state court lawsuit to this Court on September 7, 2018 (hereinafter "the Lawsuit").

2. The Parties each deny and dispute any liability to the other and they are entering into this settlement solely to resolve a disputed claim without the time and expense of protracted

litigation. Nothing contained in this Order, the documents being executed and delivered pursuant to this Order, or any actions taken in furtherance of this Order, shall constitute or be deemed or construed as an admission of liability or wrongdoing in connection with any matters related to the Lawsuit. Any such alleged liability or wrongdoing is expressly denied by all the Parties.

3. The Plaintiff and Defendants ("Parties") having negotiated in good faith with a desire to resolve the instant controversy without further expense, delay and burden of litigation, advise the Court that they wish to resolve this suit, and jointly propose this Order of Dismissal to resolve all claims in the Lawsuit.

4. As to the issues resolved and subject to the Parties' right to appeal the Court's award regarding the application outlined in paragraphs 11 and 12 of this Order, this Order is final and binding upon the Parties and their successors and assigns.

5. Accordingly, it is the finding of this Court, made on the pleadings and on the record as a whole, and upon agreement of the parties, that: (i) this Court has jurisdiction over the parties and the subject matter of this action, (ii) the requirements of Title VII and the Nebraska Fair Employment Practice Act will be carried out by the implementation of this Order, (iii) the terms of this settlement as outlined in the Settlement Agreement and Mutual Release of Claims attached hereto filed under seal marked as Exhibit "A", and incorporated herein by reference (hereinafter "Agreement") constitute a fair, reasonable, and equitable settlement and are not contrary to law, (iv) by incorporating the terms of the parties' settlement agreement into this Order, the parties have satisfied the requirements to effectuate a judicially sanctioned change in the legal relationship of the parties necessary to confer prevailing party status on the Plaintiff in the litigation for purposes of her application for attorneys' fees, expenses, and costs, as set out in *Buckhannon Board & Care*

*Home, Inc. v. West Virginia Department of Health & Human Resources,* 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 885 (2001) and *Bill M. ex rel. William M. v. Nebraska Dep't of Health and Human Servs.*, 570 F.3d 1001, 1003 (8th Cir. 2009), and (v) while the Defendants make no admission of liability regarding Plaintiff's underlying claims in the Lawsuit, Plaintiff shall be considered the prevailing party in the litigation for all claims in connection with the Court's ruling on Plaintiff's application for attorney fees, expenses, and costs as authorized under 42 U.S.C. §1988, 42 U.S.C. § 2000e-5(k), Neb. Rev. Stat. §48-1119(4), and for no other purposes. Therefore, Defendants may not oppose Plaintiff's prevailing party status in the litigation for all claims when responding to Plaintiff's application for attorneys' fees, expenses, and costs. Defendants retain the right to oppose Plaintiff's application for attorneys' fees, expenses, and costs on any and all remaining grounds.

**THEREFORE, IT IS ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

### I. SETTLEMENT TERMS

6. The Parties shall execute the Agreement within five (5) business days of the entry of this Order of Dismissal. The parties are directed to comply with the terms of the Agreement which is incorporated herein and are implemented by this Order.

7. Notwithstanding the dismissal of this action, Plaintiff shall also be permitted to pursue her claims arising on or after November 2, 2021, as set forth in the separate Charge pending between the Plaintiff and the City before the EEOC and NEOC (Charge No. 32E-2023-00576/NEB 1:23/24-8-53660-RS), and nothing in this Order shall prejudice or preclude such claims or her right to seek damages and all available legal and equitable relief in connection with those claims. Plaintiff is also entitled to pursue her disability pension, and nothing in this Order shall preclude

that claim or her right to seek damages and all available legal and equitable relief in connection with that claim.

8. Nothing in this Order is intended to or does: (1) waive or release any right to enforce the terms of this Agreement; (2) constitute an unlawful release or waiver of any of Parties' rights under any laws; or (3) waive or release any claim by any Party that arises after the Agreement is signed.

9. The "Settlement Amount" shall be paid and delivered as outlined in paragraph 4 of the Agreement. Plaintiff shall file the receipt attached hereto marked as Exhibit "B" with the Court within three business days of receipt of the Settlement Amount in paragraph 4(a) and (b) of the Agreement.

10. The parties shall comply with all of their respective obligations contained paragraphs 2-8, 10, 12, 15 and 18 of the Agreement.

11. Plaintiff is entitled to file an application for attorney fees, expenses, and costs for consideration of an award by the Court under 42 U.S.C. § 1988, 42 U.S.C. § 2000e-5(k), and Neb. Rev. Stat. §48-1119(4). The Plaintiff shall be considered the prevailing party in the litigation for all claims when the Court is considering the merits of the application and for no other purposes. Defendants may not oppose Plaintiff's prevailing party status in the litigation for all claims when responding to Plaintiff's application. Defendants retain the right to oppose Plaintiff's application for attorneys' fees and costs on any and all remaining grounds.

12. Plaintiff shall submit her application for an award of attorney fees and costs on or before thirty (30) days after the Agreement has been fully executed by the parties pursuant to paragraph 6 of this Order. Defendants shall be permitted to oppose Plaintiff's application within

thirty (30) days of its filing. Plaintiff may file a reply and/or supplement to her application within ten (10) days of the filing of Defendants' opposition. The parties have the right to appeal any award of the Court, but if not timely appealed, Defendants shall pay the amount awarded by the Court to Plaintiff's counsel no later than thirty (30) days after entry the award. Plaintiff's counsel shall provide Defendants' counsel with the appropriate tax forms in connection with the payment. Within three (3) business days following receipt of the payment, Plaintiff shall file a receipt of satisfaction of judgment attached to this Order as Exhibit "C".

## II. ENFORCEMENT

13. If either party determines that any other party has not complied with the terms of this Order, such party shall provide written notification to the noncompliant party of the alleged breach before seeking enforcement relief from the Court to attempt a resolution of the issue through Michael Mullin, mediator.

14. In connection with any application for contempt citation, the party seeking relief may seek damages, injunctive relief, or specific performance of violation of this Order and attorney fees and costs if authorized by statute or by a recognized accepted uniform course of procedure.

## III. TERM, SCOPE AND EFFECT OF ORDER

15. The Court shall retain jurisdiction over this matter for purposes of compliance and enforcement of this Order. The parties shall be subject to the contempt powers of the Court should this Order not be followed.

16. Pursuant to *Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources,* 532 U.S. 598, 121 S. Ct. 1835, 149 L. Ed. 2d 855 (2001) and *Bill M. ex rel. William M. v. Nebraska Dep't of Health and Human Servs.*, 570 F.3d 1001, 1003 (8th Cir. 2009), the provisions of this Order constitute the necessary judicial *imprimatur* to confer upon the Plaintiff "prevailing party" status in the litigation in connection with her application for fees, expenses and costs as outlined in paragraphs 11 and 12 of this Order.

17. Final judgment is hereby entered dismissing this action with prejudice, reserving only the issue of attorney' fees, expenses, and costs as provided herein.

Dated this 11th day of January, 2024

BY THE COURT:

_____
THE HONORABLE BRIAN C. BUESCHER

6260636.1